# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Rabo AgriFinance, Inc.,                                    Civil No. 08-219 (DWF)
                                                           Bankruptcy No. 07-60334

          Appellant,

v.                                                         **MEMORANDUM**
                                                           **OPINION AND ORDER**

Wayne Zych and Diane Zych,

          Appellees.

---

Caren L. Stanley, Esq., Jon R. Brakke, Esq., Vogel Law Firm, counsel for Appellant.

David C. McLaughlin, Esq., and Lynnae L. G. Lina, Esq., Fluegel Helseth McLaughlin Anderson & Brutlag, counsel for Appellees.

---

## INTRODUCTION

This matter came before the Court on February 25, 2008, pursuant to a motion to stay brought by Appellant Rabo AgriFinance, Inc. ("Rabo"). For the reasons stated below, the Court denies Rabo's motion.

## BACKGROUND

This matter involves a Chapter 11 bankruptcy case filed by Wayne and Diane Zych (the "Debtors"). The underlying facts are not in dispute. Rabo, as successor in interest to Rabo AgServices, Inc., financed the Debtors' cattle feeding and farming operation. In particular, Rabo was secured in 217 head of cattle pursuant to an agricultural security agreement. The Debtors sold the 217 head of cattle through Nicollet Cattle Trading, a subsidiary of GFI America, Inc. ("GFI"), for $221,811.09 after

adjustments.  GFI then resold the cattle to National Beef and issued a check to the

Debtors as payment for the cattle.  The check was returned for insufficient funds.  GFI

ultimately filed for bankruptcy under Chapter 11 in the United States Bankruptcy Court

of the District of Minnesota.  In that case, GFI's lender, Wachovia Capital Finance

Corporation ("Wachovia"), initiated an adversary proceeding against GFI, and the

Debtors filed a counterclaim against Wachovia alleging claims of conversion and a

breach of Wachovia's duties under the Packers & Stockyards Act, 7 U.S.C. § 181, *et seq.*

The parties mediated the adversary proceeding and reached a settlement.  The Debtors

received settlement funds in the amount of $120,393 ("Settlement Funds").  These funds

are currently held in the trust account of Debtors' attorney.

The Debtors then filed for bankruptcy under Chapter 11.  In that case, Rabo asserts

a security interest in the Settlement Funds on the basis that (1) they are "proceeds" of

Rabo's original collateral (the 217 head of cattle); and (2) they constitute a "payment

intangible."  Rabo filed a Motion for Relief from Automatic Stay, seeking to lift the

automatic stay in the Bankruptcy Court to recover possession of the $120,393 in

Settlement Funds.  With the consent of the parties, the Bankruptcy Court treated the

pleadings as cross-motions for summary judgment at the hearing on Rabo's Motion for

Relief from Automatic Stay.  On December 18, 2007, the Bankruptcy Court issued an

order (1) denying Rabo's motion for relief from stay with regard to the $120,393 in

Settlement Funds; (2) denying Rabo's motion for summary judgment; (3) granting the

Debtors' motion for summary judgment; and (4) ordering that Rabo does not hold a

secured or other interest in the settlement proceeds of $120,393 described in that Order.

Rabo appealed the decision of the Bankruptcy Court and now moves this Court for a stay

pending the appeal.  Rabo seeks to prohibit the disbursement of the $120,393 in

Settlement Funds presently held in the trust account of the Debtors' attorney.

## DISCUSSION

In determining whether to grant a stay pending appeal, the Court considers:

(1) whether Rabo is likely to prevail on the merits of the appeal; (2) whether Rabo will

suffer irreparable harm if the stay is denied; (3) whether the Debtors will not be

substantially harmed by the stay; and (4) whether the public interest will be served by

granting the stay.  *In re Martin*, 199 B.R. 175, 176 (Bankr. E.D. Ark. 1996), *aff'd* 116

F.3d 480 (8th Cir. 1997).

The Court first turns to the issue of irreparable harm.  Rabo argues that it will be

irreparably harmed if a stay is denied.  Specifically, Rabo argues that if the Settlement

Funds are prematurely disbursed, its position as a secured creditor will be lost.

Conversely, the Debtors argue that Rabo has not established that it will suffer irreparable

harm if the Settlement Funds are disbursed.  In particular, the Debtors argue that the

disbursement of the $120,393 in Settlement Funds will not eliminate Rabo's ability to

recover this amount if it is successful on its present appeal.  In so arguing, the Debtors

represent that the bankruptcy estate has unencumbered assets available to provide a

source of funds for Rabo absent a stay pending appeal.  For example, Rabo points out that

the estate includes real estate valued at roughly $150,000 that is free of any liens against

it.  Rabo objects to the Debtors' argument in this regard, claiming that its secured

position will be lost because those funds will not be proceeds of Rabo's collateral.  In

addition, Rabo claims that the Debtors cannot give Rabo a lien in otherwise

unencumbered assets without harming all unsecured creditors.

The Court concludes that Rabo has not made an adequate showing that it is likely

to suffer irreparable harm, or that any such harm is imminent, and not remote or

speculative.  *See In re City of Bridgeport*, 132 B.R. 81, 83 (Bankr. D. Conn. 1991).

Instead, the Court is satisfied by the Debtors' argument that the bankruptcy estate will

have adequate funds to allow Rabo to recover the $120,393 in the event that Rabo is

successful on its appeal.  Because a failure to show irreparable harm is a prerequisite for

the issuance of a stay, Rabo's motion for a stay pending appeal is denied.  *See In re City

of Bridgeport*, 132 B.R. at 83 ("A showing of probable irreparable harm is the principal

prerequisite for the issuance of a stay.").  The Court need not address the remaining

factors.[1]

The Court notes that it is somewhat perplexed by the parties' continued litigation

of and failure to settle the present dispute.   The Court assumes that the $120,393 at issue

here is a relatively small amount when considering the attorney fees involved in litigating

the issue.  Perhaps it goes without saying that the Court believes that it is in the best

---

[1]      Consistent with the views expressed by the Court at the hearing, the Court
considers the legal issues involved in the determination of likelihood of success on the
merits as a much closer call than it appears the Bankruptcy Court and parties believe
them to be.  However, considering the Court's finding that there has been no showing of
irreparable harm, the Court declines to consider the merits of the appeal until it has been
fully briefed and argued by the parties.

interests of the parties to negotiate a resolution of this dispute.  If the Court may be of

assistance in this matter, the parties should contact Gina Olsen, Calendar Clerk for Judge

Donovan W. Frank, at 651-848-1296.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.       Rabo's Motion to Stay Pending Appeal (Doc. No. 4) is **DENIED**.


Dated:  February 26, 2008                    s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             Judge of United States District Court